IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WELCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2498 |
| | § | |
| MERISSA VELEZ and ALLSTATE | § | |
| INSURANCE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant Allstate Northbrook Indemnity Company's ("Allstate") Motion to Dismiss for Improper Venue (Doc. 3). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

On August 15, 2017, Plaintiff, proceeding pro se, filed this action against Defendant Merissa Velez ("Velez") and her insurer, Allstate, alleging that Velez negligently caused a vehicular accident injuring Plaintiff.[2] Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.[3] Plaintiff resides in Fort

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5, Ord. Dated Sept. 28, 2017.

[2] See Doc. 1, Pl.'s Compl.

[3] See id. p. 2.

Bend County, Texas, and Defendants reside in California.[4]

On September 22, 2017, Allstate filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) contending that venue is improper in this action. In support, Allstate points to the undisputed facts that Velez resided in San Mateo County, California, Allstate did business in California, and the automobile accident took place in San Mateo County, California.[5] Allstate requests that this case be dismissed, or, alternatively, that it be transferred to San Mateo Superior Court in San Mateo County, California.[6] Plaintiff did not respond to Allstate's motion.

Under 12(b)(3), a defendant may move to dismiss an action for improper venue. Williamson-Dickie Mfg. Co. v. M/V Heinrich J., 762 F. Supp.2d 1023, 1026 (S.D. Tex. 2011)(citations omitted). "The majority of courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff." Id. (citing McCaskey v. Cont'l Airlines, Inc., 133 F. Supp.2d 514, 523 (S.D. Tex. 2001); Bigham v. Envirocare of Utah, Inc., 123 F. Supp.2d 1046, 1048 (S.D. Tex. 2000)).

Courts generally look to 28 U.S.C. § 1391 in determining

---

[4] See id.

[5] See Doc. 3, Def. Allstate's Mot. to Dismiss p. 3.

[6] See id.

whether venue is improper.  Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas, __ U.S. __, 134 S.Ct. 568, 577 (2013).  28 U.S.C. § 1391 provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in the district courts of the United States."  28 U.S.C. § 1391(a)(1).  Venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  If one of these three categories is not applicable, then venue is improper, and the court must transfer or dismiss the action pursuant to 28 U.S.C. § 1406(a).  Atlantic Marine, 134 S.Ct. at 577.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The district court has discretion in deciding whether to transfer or dismiss the case.

3

AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC, 878 F. Supp.2d 779, 788 (S.D. Tex. 2012)(citing Dubin v. United States, 380 F.2d 813, 815 (5th Cir. 1967)).

Velez resides in San Mateo County, California, and the automobile accident took place there. There is no connection to the Southern District of Texas other than the fact that Plaintiff lives here. Therefore, venue is improper under 28 U.S.C. § 1391, and the court has discretion to transfer or dismiss the case. Although Allstate requests the court transfer the action to a California state court, this court cannot do so. 28 U.S.C. § 1406(a) only authorizes the court to transfer a case to another federal district court where venue would be proper. Plaintiff failed to respond to Allstate's motion. Therefore, the court **RECOMMENDS** that Defendant Allstate's motion be **GRANTED** and this case be **DISMISSED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

4

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 13th day of November, 2017.

_____
U.S. MAGISTRATE JUDGE